### SALLY L. LAW *vs.* BENJAMIN IRESON, JR.

An officer's return upon a writ of possession need not state that he has caused it to be recorded.

A writ of possession, duly served and returned, is original and competent evidence of title.

A judgment recovered by A. against B. for three undivided eighth parts of certain land, in a suit brought to recover the whole, is not waived or reversed by a judgment of nonsuit in a subsequent action brought by A. against B. to recover five undivided eighth parts of the same premises.

PETITION FOR PARTITION. The petitioner claimed title to three undivided eighth parts of the premises, the residue being alleged to be in the respondent. To prove her claim, at the trial in the superior court, she introduced evidence, under objection, of a

judgment recovered by her in 1851, against the respondent for three undivided eighth parts of the land in question, in a suit brought for the whole premises, and of a writ of possession thereon, with the officer's return, which showed that he had put the petitioner in possession, but did not show that he had caused the writ and return to be recorded. One item in his statement of fees was, " P'd recording, $1.00 "; and the usual memorandum by the register of deeds was indorsed upon the execution, showing that the same had been recorded within three months. The respondent then proved that in September 1853 the petitioner brought an action against the respondent for the other five eighths of the premises, and afterwards, by judgment of court, became nonsuit therein; and he contended, from the state of the original title under which she claimed, concerning which much evidence was put in, that it appeared and must be presumed that her second suit covered the same interest embraced in her former judgment, and that she, by bringing the second suit, had waived the judgment; and that the judgment of nonsuit in the second suit was in effect a reversal of the former judgment. He also contended that the officer's return on the writ of possession was insufficient, inasmuch as it did not show any record thereof. But, on all the points, *Rockwell,* J., ruled in favor of the petitioner, and the respondent alleged exceptions.

*T. W. Clarke,* for the respondent, cited, as to the officer's re turn, *St.* 1848, *c.* 144, § 1; *Perry* v. *Dover,* 12 Pick. 206; *Davis* v. *Maynard,* 9 Mass. 242; *Gardner* v. *Hosmer,* 6 Mass. 325; *Wellington* v. *Gale,* 13 Mass. 483; *Robbins* v. *Rice,* 7 Gray, 202.

*T. B. Newhall,* for the petitioner.

BIGELOW, C. J. We can see no ground on which the respondent can with plausibility sustain his exceptions.

1. The writ of possession was duly recorded according to *St.* 1848, *c.* 144, § 1, and a certificate of such record by the register of deeds was indorsed on the execution. It was not necessary that the officer should state in his return that he had caused the process to be recorded. Indeed he could not do it. The statute requires him to cause " his doings on the execution to be recorded within three months after the service." This

clearly implies that his return is to be completed before the record is made.

2. The writ of possession was properly admitted. It was duly returned into the clerk's office; and its production from the proper custody rendered it original and competent evidence.

3. The judgment in favor of the petitioner, by which she recovered three eighths of the premises set out in the petition remains in full force. It is in no way impaired or affected by the subsequent action brought to recover five eighths of the same estate, in which the petitioner was nonsuited. The fallacy under which the respondent labors is in supposing that the five eighths demanded in the second suit included the three eighths recovered in the previous action. But there is no ground for any such assumption. On the contrary, the presumption is that the second action was brought to recover the residue of the premises, which were not covered by the previous judgment.

*Exceptions overruled.*